FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEY TRONIC CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SKYBELL TECHNOLOGIES, INC., a Nevada corporation, and ALARM.COM, INC., a Delaware corporation,<br><br>    Defendants. | No. 2:23-CV-00237-SAB<br><br>**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT** |

Before the Court is Plaintiff's Motion for Entry of Default Against Defendant SkyBell Technologies, Inc., ECF No. 39. Plaintiff is represented by Steven P. Vaughn and John C. Theiss. Defendant Alarm.com is represented by Gwendolyn Payton and John R. Neeleman. Defendant SkyBell Technologies Inc. has not appeared. The motions were heard without oral argument.

Plaintiff moves the Court for an entry of default against Defendant SkyBell Technologies, Inc. pursuant to Local Civil Rule 55. Local Rule 55 states, "Upon motion, the Clerk of Court shall enter the default of any party against whom a judgment for affirmative relief is sought and who has failed to plead or otherwise defend." L. Civ. R. 55(a). Furthermore, "Written notice of the intention to move for entry of default must be provided to counsel or, if counsel is unknown, to the

**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT** #1

party against whom default is sought, regardless of whether counsel or the party have entered an appearance. Such notice shall be given at least 14 days prior to the filing of the motion for entry of default." L. Civ. R. 55(a)(1). "The moving party must show (a) that the party against whom default is sought was properly served with the summons and complaint in a manner authorized by Federal Rule of Civil Procedure 4; (b) that the party has failed to timely plead or otherwise defend; and (c) that proper notice of the intention to seek an entry of default ... has been accomplished. L. Civ. R. 55(a)(2).

      Plaintiff alleges in their accompanying Declaration that Plaintiff properly served Defendant SkyBell's registered agent a summons and Second Amended Complaint on December 21, 2023. After receiving no response, on January 10, 2024, Plaintiff served Defendant SkyBell with an intent to file an entry of default. Since that time, Defendant SkyBell has not filed an appearance or otherwise responded to the Second Amended Complaint. Per this Court's Order, Defendant SkyBell had until January 19, 2024 to respond to Plaintiff's Second Amended Complaint, ECF No. 35. It appears by declaration or otherwise from the records in the above-entitled action that the summons and complaint have been served upon Defendant SkyBell in the above-mentioned action. Defendant SkyBell has not filed an appearance or otherwise responded to the Second Amended Complaint. The Court finds good cause to grant Plaintiff's motion. Defendant SkyBell Technologies, Inc. is, therefore, in default.

//
//
//
//
//
//
//

**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT #2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Entry of Default Against Defendant SkyBell Technologies, Inc., ECF No. 39, is **GRANTED**.

2. Defendant SkyBell Technologies, Inc. is in **DEFAULT**.

**IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order, provide copies to counsel, and **enter Defendant SkyBell Techologies in default**.

**DATED** this 9th day of February 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT #3**